NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0459n.06

Case No. 24-5599

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JEREMY NOEL, | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

**FILED**
Nov 19, 2024
KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; MURPHY and BLOOMEKATZ, Circuit Judges.

SUTTON, Chief Judge. Police stopped Jeremy Noel for driving without wearing a seatbelt. Noel challenged his stop on Fourth Amendment grounds, objecting to the district court's finding that the officers saw him unbuckled. Because that finding was not clearly erroneous, we affirm.

On October 8, 2020, Officer Dustin Beard and his partner were driving down a street in Memphis, responding to a dispatch about a suspect in a white sedan. They spotted a white sedan drive toward them and turn right onto a residential street. Officer Beard saw that the driver, Jeremy Noel, was not wearing a seatbelt. The officers turned left to follow him, flashed their police lights, and pulled him over.

The officers approached Noel's car. Noel was unbuckled in the driver's seat. Beard leaned inside the car, where he smelled marijuana and saw loose pills in a baggie. The officers directed Noel out of the car and asked him if he had a weapon. Noel told them that he had a firearm in his waistband. They seized his gun, frisked him, and secured him in the back of the patrol car.

Two more officers arrived on the scene. They soon discovered that Noel was a felon. The officers arrested Noel and transported him to jail.

A federal grand jury charged Noel with knowingly possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Noel moved to suppress the gun, arguing that the officers violated the Fourth Amendment by pulling him over. The district court rejected his argument. The magistrate judge credited Officer Beard's testimony that he witnessed Noel driving without wearing his seatbelt, a misdemeanor under Tennessee law, and the district court adopted that finding. Noel pleaded guilty and reserved his right to appeal the suppression ruling. The district court imposed a 100-month sentence. Noel appeals.

At issue is whether the officers' "seizure" was "unreasonable" under the Fourth Amendment. U.S. Const. amend. IV. Three cases orient this appeal.

In the first, *Whren v. United States*, police witnessed a truck turn without signaling and drive unreasonably fast, both in violation of D.C. law. 517 U.S. 806, 808–10 (1996). After stopping the truck, one of the officers saw large plastic bags of crack cocaine through the driver's window. *Id.* at 808–09. The officers arrested the driver and a passenger. *Id.* at 809. The Supreme Court rejected the occupants' invitation to consider the officers' subjective motivations for pulling them over. *Id.* at 810–13. It instead applied an objective test, examining only whether the police had "probable cause to believe that a traffic violation has occurred." *Id.* at 810.

In the second, *Atwater v. City of Lago Vista*, the police witnessed a mother driving with her two young children unsecured in the front seat, a misdemeanor under state law. 532 U.S. 318, 323–24 (2001). Police stopped the mother and asked for her identification and insurance information, which she did not have in her possession. *Id.* at 324. The Supreme Court affirmed the constitutionality of her subsequent arrest. *Id.* at 354–55.

In the third, *United States v. Brooks*, we upheld a traffic stop as "reasonable" when an officer saw an occupant without a seatbelt in violation of state law. 987 F.3d 593, 598–99 (6th Cir. 2021). In resolving that case, we reviewed the district court's finding that the officer saw the occupant unbuckled and found no clear error. *Id.* at 599.

Taken together, these three cases resolve Noel's appeal. Driving without a seatbelt, as Noel did, amounts to a misdemeanor under Tennessee law. Tenn. Code Ann. § 55-9-603. The district court credited Officer Beard's testimony that both officers saw Noel with his seatbelt unbuckled while driving. Nothing in the body camera footage undermines this account. Both officers saw Noel without a seatbelt in broad daylight through his un-tinted windows. No clear error occurred in crediting Officer Beard's testimony.

Noel insists that Beard never drove close enough to see him unbuckled. He notes that Beard pulled him over "quite a way down" the street he turned on. Appellant's Br. 14–15. But this fact does not contradict Beard's testimony that he could see that Noel's seatbelt was unbuckled from his vantage point. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). Recall that Beard testified that he saw Noel without a seatbelt, flashed his police lights after both cars turned, then pulled Noel over further down the residential street. The district court did not clearly err by adopting Beard's version of events. *See Brooks*, 987 F.3d at 599.

Even so, Noel adds, Officer Beard chose to stop him because of his race or because he was actively looking for a car that looked like Noel's. But the subjective motivations of the officers do not matter for Fourth Amendment purposes so long as it was objectively reasonable for the officers to believe that Noel violated the traffic laws. *Whren*, 517 U.S. at 812–13.

We affirm.